**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, *et al*, | * * * |  |
| Plaintiff, | * |  |
| v. | * | CIVIL NO.: PWG-12-0064 |
| UNITED AUTOMATIC SPRINKLERS, INC., *et al*, | * * |  |
| Defendants. | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Plaintiffs' Motion for Entry of Default Judgment as to Defendants United Automatic Sprinklers, Inc. ("United"), Michael Hillenbrand, and Andrea Hillenbrand (Pls.' 1st Mot.), EFC No. 8, and accompanying Memorandum in Support, ECF No. 8-1, filed by Plaintiffs Trustees of the National Automatic Sprinkler Industry Welfare Fund, Trustees of the National Automatic Sprinkler Local 669 UA Education Fund, Trustees of the Automatic Sprinkler Industry Pension Fund and Trustees of the Sprinkler Industry Supplemental Pension Fund (collectively "NASI Funds") and Plaintiffs' Motion for Entry of Default Judgment as to Defendant Andrea Hillenbrand (Pls.' 2nd Mot.), ECF No. 16, and accompanying Memorandum in Support, ECF No. 16-1. Defendants United, Michael Hillenbrand, and Andrea Hillenbrand have not filed any responses, and the time for doing so has passed. *See* Loc. R. 105.2.a. Having reviewed the filings, I find that a hearing is not necessary.

*See* Loc. R. 105.6.  For the reasons stated herein, Plaintiffs' Motions for Entry of Default Judgment are DENIED.  This Memorandum Opinion and Order disposes of ECF Nos. 8 and 16.

## I.   PROCEDURAL HISTORY

On January 6, 2012, Plaintiffs filed a Complaint under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132 and 1145 ("ERISA") and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), seeking to hold Defendants jointly and severally liable for an alleged breach of a Collective Bargaining Agreement ("CBA") and an alleged breach of a Settlement Agreement and Promissory Note. Compl. ¶¶ 5, 20, ECF No. 1. On February 6, 2012, Plaintiffs filed proof of service as to all Defendants.  *See* Aff. of Service, ECF Nos. 4-6.  Defendants did not file an Answer, Motion to Dismiss, or Motion for Summary Judgment.  *See* Docket.  On March 29, 2012, Plaintiffs moved for an entry of default, ECF No. 7, and for default judgment as to all Defendants, Pls. 1st Mot.  The Clerk's office entered an Order of Default as to Defendants United and Michael Hillenbrand, ECF No. 10, but denied it as to Andrea Hillenbrand based on improper service under California law, ECF No. 9.  On July 17, 2012, Plaintiffs executed proper service on Andrea Hillenbrand.  Aff. of Process Server, ECF No. 14.  Defendant Andrea Hillenbrand did not file an Answer, Motion to Dismiss, or Motion for Summary Judgment and, on December 19, 2012, Plaintiffs again moved for Entry of Default as to Andrea Hillenbrand.  Pls.' Mot. for Clerk's Entry of Default against Defendant Andrea Hillenbrand, ECF No. 15.  This Motion is currently pending before the Clerk.  Additionally, Defendants moved, a second time, for default judgment as to Andrea Hillenbrand.  Pls' 2nd Mot.

## II.   DISCUSSION

As a general rule, "when an action is brought against several defendants, charging them with joint liability," judgment cannot be entered against a defendant "until the matter has been

adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 2690 (3d ed.) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)); *see also United States for Use of Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967) (finding that the "procedure established for multiple defendants by Rule 54(b) [pertaining to judgments] is . . . applicable not only to situations of joint liability but to those where the liability is joint and/or several"). In this case, Plaintiffs allege joint and severally liability as to all Defendants, Compl. ¶ 20, and request default judgment as to all Defendants. Pls.' 1st Mot.; Pls.' 2nd Mot. The Clerk's Office has not yet entered an entry of default as to Defendant Andrea Hillenbrand. Accordingly, until the question of default has been resolved as to Andrea Hillenbrand, this Court is unable to consider Plaintiffs' Motions for Default Judgment. Therefore, at this time, the Court denies Plaintiffs' Motions for Default Judgment. Plaintiffs may renew their Motion at such time as the Clerk has entered a default as to Andrea Hillenbrand or the matter has been adjudicated with regard to all Defendants not subject to the renewed motion.

## III. CONCLUSION

Plaintiffs' Motions for Default Judgment are DENIED, without prejudice to renewing them after the Clerk has entered default as to Andrea Hillenbrand or the matter has been adjudicated with regard to all Defendants not subject to the renewed motion.

Dated: <u>January 18, 2013</u>                              <u>      /S/          </u>

                                                                                 Paul W. Grimm
                                                                                 United States District Judge

     adv